## UNITED STATES BANKRUPTCY COURT
## FOR THE
## WESTERN DISTRICT OF KENTUCKY

IN RE:                                          )
                                                )
THERMOVIEW INDUSTRIES, INC.      )    Case No. 05-37123(1)(11)
                                                )
                    Debtor(s)         )

### MEMORANDUM-OPINION

This matter is before the Court on the Application for Allowance of Interim Compensation and Reimbursement of Expenses for Counsel for Debtors ThermoView, Inc. ("Debtors") for the period September 26, 2005 to December 20, 2005, the Supplemental Application for Compensation and Reimbursement of Expenses of Debtors, the Objection to Application and Supplemental Application for Allowance of Interim Compensation and Reimbursement of Expenses for Counsel for Debtors by Counsel for the Unsecured Creditors Committee ("UCC") and the First Application for Cathy S. Pike, Creditors' Committee Attorney for the Period October 25, 2005 to January 12, 2006. For the following reasons, the Court will deny the Debtors' Application with leave to re-file the Application in accordance with this Memorandum-Opinion and grants in part and denies in part the UCC's counsel Application.

### FACTS

On January 6, 2006, counsel for Debtors filed his Application for Allowance of Interim Compensation. Debtors' counsel seeks fees of $115,587.75 and reimbursement of out-of-pocket expenses of $7,341.49 for a total fee of $122,929.24.

On January 17, 2006, the Court entered an Order following a hearing giving all parties to February 5, 2006 to file any applications and/or supplemental applications for compensation for September 6, 2005 through January 26, 2006. Any objections were to be filed by February 15, 2006.

On February 3, 2006, counsel for the UCC filed their First Application for Approval of Compensation for Services Rendered from October 2005 through January 26, 2006 seeking fees in the amount of $41,297.50 and expenses of $2,245.08 for a total sum of $43,542.58.

On February 6, 2006, a Supplemental Application for Allowance of Interim Compensation and Reimbursement of Expenses for counsel for Debtors was filed. In it counsel for the Debtors supplemented their Application for Professional Services Rendered from December 21, 2005 through January 26, 2006 seeking an additional $19,939 and expenses of $338.20 for a total of $20,277.20.

On February 8, 2006, Debtors filed their Objection to the Third Monthly Statement of Counsel for the UCC.

On February 15, 2006, an Objection to Application and Supplemental Application for Allowance of Interim Compensation and Reimbursement of Expenses for Counsel for Debtors was filed by Counsel for the UCC. Debtors also filed an Objection to the First Application for Approval of Compensation for Services Rendered and Reimbursement of Expenses Incurred by Counsel for the UCC.

A hearing was held on the Fee Applications and Objections on February 28, 2006. Following the hearing the Court took the matter under submission.

## **LEGAL ANALYSIS**

The Debtors' Objection to the counsel for the UCC's fee application is based on the fact that the UCC's actions brought no value to the estate and that the fees and expenses charged prior to the entry of the Order approving the final sale were unreasonable.

The UCC's Objections to the Debtors' fee applications are based on several grounds. First, the UCC states Debtors' counsel's time entries were impermissibly "lumped". Next, counsel contends many of the time entries were for clerical or administrative tasks. Counsel for the UCC also alleges that many of the entries lacked detail or are unintelligible. Other grounds for objections are that some of the expenses were incurred pre-petition and that the rates charged are excessive.

The Court will first consider the UCC's objections. Fee applications are to be submitted to the Court in accordance with the United States Trustees' Guidelines, 61 C.F.R. 24889-01, 1996 W.L. 257056 (1996). See also, In re J. F. Wagner's Sons Co., 135 B.R. 264 (Bankr. W.D. Ky. 1991). These guidelines prohibit "lumping" of time. However, it is permissible to lump together projects in a task if they do not exceed .50 hours on a daily aggregate.

It is also clear that overhead expenses shall not be included in the fee application. Wagner's Sons, 135 B.R. at 268. Secretarial work, overtime work and word processing costs are not compensable either. Id. There also must be sufficient detail and description of the work performed in order for the Court to determine whether the fees are reasonable, actual and necessary pursuant to 11 U.S.C. §330. Id.

The Court finds merit in the UCC's objections. There are numerous entries which appear to be for services rendered by clerical staff or for tasks that should have been performed by the clerical staff. There is also impermissible "lumping" of time entries and many entries that do not

contain sufficient detail as to the task performed. It is also impermissible to seek fees and expenses for services performed prior to the date of the filing of the Petition. Therefore, the Application for Compensation and Reimbursement of Expenses of Debtors' Counsel is denied and counsel for Debtors must resubmit an application consistent with the U.S. Trustees' Guidelines and those set forth in J.F. Wagner's Sons.

The Debtors object to the fee application of counsel for the UCC contending the services brought no value to the estate and that fees and expenses charged prior to the final sale were unreasonable. While the Court will not second guess strategy decisions made by the UCC's counsel, there is some validity to Debtors' argument.

All parties in this case were aware early in the proceedings that there would be a limited amount of funds available to pay professionals. The fees and services incurred after entry of the Order approving the sale of Debtors' assets are unnecessarily large and failed to produce value to the estate. While the Court is not critical of the quality of the services rendered, given the fact that it was known early in the case that a small amount of funds would be available to pay professionals, the Court finds it reasonable to discount the fees and services requested by counsel for the UCC a total of 20% across the board.

## CONCLUSION

For the above reasons, the fee application of Debtors' counsel is **DENIED** and must be resubmitted in accordance with the guidelines of this Memorandum. The fee application of UCC's counsel is **GRANTED IN PART AND DENIED IN PART**. A separate Order incorporating the findings herein accompanies this Memorandum-Opinion.

UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

IN RE: )
)
THERMOVIEW INDUSTRIES, INC. ) Case No. 05-37123(1)(11)
)
Debtor(s) )

## ORDER

Pursuant to the Memorandum-Opinion entered this date and incorporated herein by reference,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the Application for Allowance of Interim Compensation and Reimbursement of Expenses of Counsel for Debtors and the Supplemental Application, be and hereby are, **DENIED**. Counsel for Debtors shall submit an Application for Allowance of Fees and Reimbursement of Expenses in accordance with the guidelines set forth in the accompanying Memorandum-Opinion.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Application for Compensation and Reimbursement of Expenses of Counsel for the Unsecured Creditors Committee, be and hereby is, **GRANTED IN PART AND DENIED IN PART**. Counsel for the Unsecured Creditors Committee is awarded fees and expenses in the amount of $34,834.07, to be paid on a pro rata basis with those fees and expenses awarded to counsel for Debtors after resubmission of their application and issuance of an order by the Court on the resubmission.