UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| THERMOVIEW INDUSTRIES, INC. | ) | Case No. 05-37123(1)(11) |
| | ) | |
| Debtor(s) | ) | |

### MEMORANDUM-OPINION

This matter comes before the Court on the Application for Payment of Administrative Expenses of Workforce Safety & Insurance ("Workforce"). General Electric Capital Equity Investment, Inc. ("G.E. Capital") objected to the payment of these expenses. For the following reasons, the Court sustains G.E. Capital's Objection and thereby denies Workforce's Application.

### FACTS

On September 26, 2005, the Debtors filed their Voluntary Petition seeking relief under Chapter 11 of the United States Bankruptcy Code. Debtors also filed a Motion for the Approval of Sale of the Debtor's assets to Thermoview Acquisition Corporation. This sale was approved by the Court on October 25, 2005.

Under the terms of the sale approved by the Court, Debtors were required to pay certain closing costs. Debtors had insufficient cash to meet these closing obligations and G.E. Capital, a secured creditor, agreed to allow Debtors to use $2,773,961.72 of the sale proceeds it was to receive at the closing for these closing costs. On November 23, 2005, the Court entered an Agreed Order Approving Sale of the Debtor's Assets and Assignment of Certain Executory Contracts, Unexpired Leases, and Other Liabilities to ThermoView Acquisition Corporation Free and Clear of All Liens, Claims and Encumbrances ("Sale Order"). The Sale Order specifically provided that G.E. Capital

would be granted a super-priority administrative expense claim due to funds in the amount of $2,773,961.72 advanced to the Debtor to pay certain required closing costs. The funds referred to as the "Closing Expenses Reserve" were "deemed a super-priority administrative expense pursuant to Code §§105, 363 and 364" in the Sale Order. <u>See</u>, Sale Order, par. 2(B). Before the Court entered the Sale Order, notice and an opportunity to object were provided to all interested persons and entities. No objections were filed.

## LEGAL ANALYSIS

Workforce seeks an order authorizing payment of its administrative expense claim in the amount of $9,802.35 for workers' compensation premiums incurred post-petition during the administration of the Debtor's estate pursuant to 11 U.S.C. §503(b)(1)(A) & (B) & (D). The Sale Order, specifically provides G.E. Capital with an administrative expense priority or super-priority claim under 11 U.S.C. §364(c)(1) which supersedes all administrative expenses specified in 11 U.S.C. §503(b). <u>See</u>, <u>In re Cannonsburg v. Environmental Associates, Ltd.</u>, 72 F.3d 1260, 1267 (6th Cir. 1996). Accordingly, Workforce's claim is subordinate to G.E. Capital's super-priority administrative expense claim of $2,773,961.72 set forth as the Closing Expenses Reserve in the Sale Order.

The Court notes that the administrative expense claim of Workforce should be allowed pursuant to 11 U.S.C. §503(b), but distribution of the expenses and claims pursuant to 11 U.S.C. §507 is unaffected by this determination. There has been no objection to Workforce's claim to an administrative expense. The only objection is to payment of funds subject to G.E. Capital's superpriority status. Accordingly, the claim of Workforce is not entitled to be paid prior to G.E. Capital's superpriority administrative expense claim.

## **CONCLUSION**

For the above reasons, the Application for Payment of Administrative Expenses of Workforce Safety & Insurance is **DENIED**.

# UNITED STATES BANKRUPTCY COURT
# FOR THE
# WESTERN DISTRICT OF KENTUCKY

IN RE:                                    )
                                          )
THERMOVIEW INDUSTRIES, INC.    )        Case No. 05-37123(1)(11)
                                          )
                 Debtor(s)           )

## ORDER

Pursuant to the Memorandum-Opinion entered this date and incorporated herein by reference,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the Application for Payment of Administrative Expense of Workforce Safety & Insurance, be and hereby is, **DENIED**. However, Workforce is entitled to an administrative claim, but is not entitled to a distribution priority.