UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| IN RE | ) |
| | ) Case No. 05-37123 |
| | ) (Jointly Administered) |
| THERMOVIEW INDUSTRIES, INC., et al. | ) Chapter 7 |
| | ) |
| Debtor(s) | ) |
| _____ | ) |

AMENDED SECOND MOTION FOR ENLARGEMENT OF TIME

Comes the Trustee, Thomas W. Frentz, and for his above-styled Motion states as follows:

1. This case was filed under chapter 11 of the Bankruptcy Code on September 26, 2005. Following a sale of all assets, it was converted to Chapter 7 on October 3, 2006.

2. The Trustee, Thomas W. Frentz, was appointed on October 3, 2006 and thereafter has pursued hundreds of potential preference cases. The Trustee has filed over three hundred adversary proceedings to date, as well as negotiating with potential defendants to resolve the preference actions.

3. It appears that a conflict of interest exists with several preference defendants.[1] In order to protect the estate and for the benefit of creditors, the Trustee asks that the limitations period be extended for an additional forty-five (45) days to and including December 17, 2007.

---

[1] Penske Truck Leasing Corporation, Con-Way Central Express, Stites & Harbision, National City Bank, All State Ford, Smoothstone IP Communications.

4. Additionally, there are four preference recoveries in which the Trustee's consultant's, Brown and Joseph, are negotiating settlements, but have not consummated an agreement.[2] The Trustee asks that the limitations period be extended for an additional forty five (45) days to and including December 17, 2007 to permit the Trustee time to settle these matters without filing an adversary proceeding unless the settlement negotiations fail.

5. The Bankruptcy Court retains at its discretion the authority to extend time within which the Trustee may commence avoidance actions upon showing of good and proper cause. *In re International Administrative Services, Inc.*, 408 F.3d, 689, 699 (11th Cir. 2005).

6. There can be no prejudice to any party since demands have been made on potential defendants since the outset of the Chapter 11 case and they have been contacted by the Trustee or his agent, Brown & Joseph, for payment.

7. In addition, the Trustee has already filed the application to employ the law firm of Lloyd & McDaniel to pursue these remaining preferences.

WHEREFORE, The Trustee asks the Court to enter the attached Order extending the limitations period for the recovery of preferential payments under 11 U.S.C. §547 to and including December 17, 2007.

---

[2] Mark Neubauer, Allmetal, Avalon Siding and Tony's Brake & Alignment

Respectfully submitted,

/s/G. Kennedy Hall, Jr.
G. Kennedy Hall, Jr.
Thomas W. Frentz
2500 Brown & Williamson Tower
Louisville, Kentucky 40202
(502) 584-1135
Trustee for Thermoview Industries
Email: tfrentz@middreut.com

## CERTIFICATE

I hereby certify that the foregoing was served either via electronic mail or U.S. Mail, postage prepaid upon Joseph J. Golden, Esq., Assistant U.S. Trustee, 601 W. Broadway, Louisville, Kentucky 40202; Mark Neubauer, 515 Divison Street, Chenoa,IL 61726; Amy Richardson, 1603 Orrington Avenue, Suite 2080, Evanston, IL 60201; Avalon Siding, 13633 S. Sycamore Street, Olathe, KS 66062; Tony's Brake & Alignment, 4800 Poplar Level Road, Louisville, KY4021; P. Kevin Ford, 161 St. Matthews Avenue, Suite 14, Louisville, KY 40207; Conway Central 4880 Ventrue Drive Ann Arbor, MI 48108; National City Bank, 1900 East Ninth Street, Cleveland, OH 44114; Stites & Harbison, 400 W. Market Street, Suite 1800, Louisville, KY 40202; Penske Truck Leasing, P.O. Box 802577, Chicago, IL 60680; Michael McClain, Wyatt Tarrant & Combs, 500 W. Jefferson Street, Suite 2800, Louisville, KY 40202; All State Ford, 1357 Gardiner Lane, Louisville, KY 40213 and all parties who have entered their appearance this 2nd day of November, 2007.

/s/  G.Kennedy Hall, Jr.
G.Kennedy Hall, Jr.